# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-161V
UNPUBLISHED

| | |
|---|---|
| BALTAZAR PEDRAZA,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: June 23, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On January 6, 2021, Baltazar Pedraza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of his September 25, 2019 influenza ("flu") vaccine. Petition at 1. Petitioner further alleges that he suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition, ¶¶ 6-8. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 21, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1, 5.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent indicates that it is his

> position that petitioner has satisfied the criteria for SIRVA set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation, which afford petitioner the presumption of causation, because petitioner had no history of pain, inflammation, or dysfunction in his right shoulder; his pain occurred within 48 hours of receipt of an intramuscular vaccination; his pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain his symptoms. 42 C.F.R. § 100.3(a), (c)(10).

*Id.* at 6-7. Respondent further agrees that "the statutory six-month sequelae requirement has been satisfied. *See* 42 U.S.C. § 300aa-11(c)(D)(I)." *Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master
